## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL KENT, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) Case No. _____ ) |
| v. | ) JURY TRIAL DEMANDED ) |
| ANIXTER INTERNATIONAL INC., SAMUEL ZELL, LORD JAMES BLYTH, FREDERIC F. BRACE, LINDA WALKER BYNOE, ROBERT J. ECK, WILLIAM A. GALVIN, F. PHILIP HANDY, MELVYN N. KLEIN, JAMIE MOFFITT, GEORGE MUÑOZ, SCOTT R. PEPPET, VALARIE L. SHEPPARD, WILLIAM S. SIMON, CHARLES M. SWOBODA, WESCO INTERNATIONAL, INC., and WARRIOR MERGER SUB, INC., | ) CLASS ACTION ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on January 13, 2020 (the "Proposed Transaction"), pursuant to which Anixter International Inc. ("Anixter" or the "Company") will be acquired by WESCO International Inc. ("Parent") and Warrior Merger Sub, Inc. ("Merger Sub," and together with Parent, "WESCO").

2. On January 10, 2020, Anixter's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger with WESCO.

Pursuant to the terms of the Merger Agreement, Anixter's stockholders will receive $70.00 in cash, 0.2937 shares of Parent common stock, and 0.6356 depository shares for each share of Anixter common stock they own.

3. On February 7, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Anixter common stock.

9. Defendant Anixter is a Delaware corporation and maintains its principal executive offices at 2301 Patriot Boulevard, Glenview, Illinois 60026. Anixter's common stock is traded on the New York Stock Exchange under the ticker symbol "AXE."

10. Defendant Samuel Zell is Chairman of the Board of the Company.

11. Defendant Lord James Blyth is a director of the Company.

12. Defendant Frederic F. Brace is a director of the Company.

13. Defendant Linda Walker Bynoe is a director of the Company.

14. Defendant Robert J. Eck is a director of the Company.

15. Defendant William A. Galvin is President, Chief Executive Officer, and a director of the Company.

16. Defendant F. Philip Handy is a director of the Company.

17. Defendant Melvyn N. Klein is a director of the Company.

18. Defendant Jamie Moffitt is a director of the Company.

19. Defendant George Muñoz is a director of the Company.

20. Defendant Scott R. Peppet is a director of the Company.

21. Defendant Valarie L. Sheppard is a director of the Company.

22. Defendant William S. Simon is a director of the Company.

23. Defendant Charles M. Swodboda is a director of the Company.

24. The defendants identified in paragraphs 10 through 23 are collectively referred to herein as the "Individual Defendants."

25. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

26. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Anixter (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

28.     This action is properly maintainable as a class action.

29.     The Class is so numerous that joinder of all members is impracticable.  As of January 9, 2020, there were approximately 33,850,569 shares of Anixter common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

30.     Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

31.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.  Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

32.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

33.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## **SUBSTANTIVE ALLEGATIONS**

*Background of the Company and the Proposed Transaction*

34.     Anixter is a leading global distributor of Network & Security Solutions, Electrical & Electronic Solutions, and Utility Power Solutions.

35.     The Company helps build, connect, protect, and power valuable assets and critical infrastructures.

36.     From enterprise networks to industrial MRO supply to video surveillance applications to electric power distribution, Anixter offers full-line solutions and intelligence that create reliable and resilient systems.

37.     On January 10, 2020, Anixter's Board caused the Company to enter into the Merger Agreement with WESCO.

38.     Pursuant to the terms of the Merger Agreement, Anixter's stockholders will receive $70.00 in cash, 0.2397 shares of Parent common stock, and 0.6356 depository shares for each share of Anixter common stock they own.

39.     According to the press release announcing the Proposed Transaction:

> WESCO International, Inc. (NYSE: WCC) ("WESCO"), a leading provider of electrical, industrial, and communications MRO and OEM products, construction materials, advanced supply chain management and logistics services, and Anixter International Inc. (NYSE: AXE) ("Anixter"), a leading global distributor of Network & Security Solutions, Electrical & Electronic Solutions, and Utility Power Solutions, today announced that their boards of directors have unanimously approved a definitive merger agreement under which WESCO will acquire Anixter in a transaction valued at approximately $4.5 billion. Anixter's prior agreement to be acquired by Clayton, Dubilier & Rice, LLC ("CD&R") has been terminated, following CD&R's waiver of its matching rights under the agreement.

5

Under the terms of the agreement, each share of Anixter common stock will be converted into the right to receive $70.00 in cash (subject to increase as described below), 0.2397 shares of WESCO common stock and preferred stock consideration valued at $15.89, based on the value of its liquidation preference. Based on the closing price of WESCO's common stock on January 10, 2020 and the liquidation preference of the WESCO preferred stock consideration, the total consideration represents approximately $100 per Anixter share, giving effect to the downside protection described below. Based on transaction structure and the number of shares of WESCO and Anixter common stock currently outstanding, it is anticipated that WESCO stockholders will own 84%, and Anixter stockholders 16%, of the combined company. . . .

Consideration Terms and Financing

Under the terms of the agreement, each share of Anixter common stock will be converted into the right to receive $70.00 in cash, 0.2397 shares of WESCO common stock, and preferred stock consideration consisting of 0.6356 depositary shares, each whole share representing a fractional interest in a newly created series of WESCO perpetual preferred stock.

The common stock consideration is subject to downside protection, such that if the average market value of WESCO common stock prior to closing is between $47.10 per share and $58.88 per share, then the cash consideration paid at closing will be increased commensurately by up to $2.82 per share, such that the reduction in value of the WESCO common stock is offset by an increase in the cash consideration within that range. $2.82 per share will also be paid if the value of WESCO stock is below $47.10.

The preferred stock consideration consists of 0.6356 depositary shares, with each whole depositary share representing a 1/1,000th interest in a share of WESCO Series A cumulative perpetual preferred stock, with a liquidation preference of $25,000 per preferred share and a fixed dividend rate calculated based on a spread of 325 basis points over the prevailing unsecured notes to be issued to effect the transaction (the dividend rate of the Series A preferred stock is expected to be approximately 9.25%). The fixed dividend rate will be subject to reset and the Series A preferred stock will have a five year non-call feature. WESCO has agreed to list the depositary shares representing the newly created series of preferred stock on the New York Stock Exchange, and the security is expected to receive equity treatment from the rating agencies. The 0.6356 depositary share to be issued in the merger per share of Anixter common stock is valued at $15.89 based on the liquidation preference of the underlying interest in the Series A preferred stock represented thereby.

Under the terms of the merger agreement, WESCO may elect to substitute additional cash consideration to reduce the amount of the preferred stock

consideration on a dollar-for-dollar basis based on the value of the liquidation preference of the preferred stock consideration.

WESCO has obtained fully committed debt financing from Barclays and intends to offer a combination of debt, equity, and equity-content securities between signing and closing to fund the required cash consideration of the transaction. At closing, WESCO estimates that its pro forma leverage on a net debt to EBITDA basis will be approximately 4.5x.

Approvals and Timing to Close

The transaction is subject to Anixter stockholder approval, receipt of regulatory approval in the United States, Canada, and certain other foreign jurisdictions, as well as other customary closing conditions. WESCO and Anixter currently anticipate completing the transaction during the second or third quarter of 2020.

Entities associated with Sam Zell, Chairman of the Anixter board, which own approximately 10.8% of the outstanding shares of Anixter common stock, have entered into a voting agreement with WESCO, pursuant to which they have agreed, among other things, to vote their shares of Anixter common stock in favor of the merger.

Advisors

Barclays is serving as financial advisor to WESCO, and Wachtell, Lipton, Rosen & Katz is serving as legal advisor.

Centerview Partners LLC is serving as lead financial advisor and Wells Fargo Securities, LLC is also serving as financial advisor to Anixter. Sidley Austin LLP is serving as legal advisor.

### *The Registration Statement Omits Material Information*

40. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

41. As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

42. First, the Registration Statement omits material information regarding Anixter's and WESCO's financial projections.

7

43. With respect to Anixter's financial projections, the Registration Statement fails to disclose: (i) all line items to calculate (a) Adjusted EBITDA and (b) Free Cash Flow; and (ii) reconciliation of all non-GAAP to GAAP metrics.

44. With respect to WESCO's financial projections, the Registration Statement fails to disclose: (i) all line items to calculate (a) EBIT and (b) EBITDA; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

45. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

46. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisors in connection with the Proposed Transaction, Centerview Partners LLC ("Centerview") and Wells Fargo Securities, LLC ("Wells Fargo").

47. With respect to Centerview's Discounted Cash Flow Analysis of Anixter, the Registration Statement fails to disclose: (i) the risk adjusted, after-tax unlevered free cash flows used in the analysis and all underlying line items; (ii) the individual inputs and assumptions underlying the discount rates ranging from 9.25% to 11.25% and the perpetuity growth rates ranging from 1.5% to 2.5%; (iii) the terminal values of Anixter; and (iv) the number of fully-diluted outstanding shares of Anixter common stock.

48. With respect to Centerview's Discounted Cash Flow Analysis of WESCO, the Registration Statement fails to disclose: (i) the risk adjusted, after-tax unlevered free cash flows used in the analysis and all underlying line items; (ii) the individual inputs and assumptions

underlying the discount rates ranging from 9.25% to 11.25% and the perpetuity growth rates ranging from 1.5% to 2.5%; (iii) the terminal values; and (iv) the number of fully-diluted outstanding shares of WESCO common stock.

49. With respect to Centerview's analyses of price targets, the Registration Statement fails to disclose: (i) the price targets observed by Centerview in the analyses; and (ii) the sources thereof.

50. With respect to Wells Fargo's Discounted Cash Flow Analyses, the Registration Statement fails to disclose: (i) the projected unlevered free cash flows of Anixter and WESCO used in the analyses and all underlying line items; (ii) the individual inputs and assumptions underlying the perpetuity growth rates ranging from 1.50% to 2.50% and the discount rates ranging from 9.50% to 11.50%; and (iii) the terminal values.

51. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

52. Third, the Proxy Statement omits material information regarding potential conflicts of interest of Wells Fargo.

53. The Registration Statement fails to disclose the amount of compensation Wells Fargo has received or will receive for acting as "an agent and a lender to one or more of the credit facilities of Anixter, WESCO and certain of its affiliates."

54. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

55. Fourth, the Registration Statement fails to disclose whether the Company entered into any confidentiality agreements that contained standstill and/or "don't ask, don't waive"

provisions that are or were preventing the counterparties from submitting superior offers to acquire the Company.

56. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

57. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) Anixter's Reasons for the Merger; Recommendation of the Anixter Board; (iii) Certain Unaudited Prospective Financial Information; and (iv) Opinions of Our Financial Advisors.

58. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Anixter

59. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

60. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Anixter is liable as the issuer of these statements.

61. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration

Statement.

62. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

63. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

64. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

65. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

66. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and WESCO

67. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

68. The Individual Defendants and WESCO acted as controlling persons of Anixter within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Anixter and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and

dissemination of the various statements that plaintiff contends are false and misleading.

69. Each of the Individual Defendants and WESCO was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

70. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

71. WESCO also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

72. By virtue of the foregoing, the Individual Defendants and WESCO violated Section 20(a) of the 1934 Act.

73. As set forth above, the Individual Defendants and WESCO had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: February 25, 2020              **RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com